IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| FREDDIE WIGENTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:09cr414 |
| ) | 1:14cv60 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Petitioner Freddie Wigenton's[1] ("Wigenton") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). [Dkt. 254.] For the following reasons, the Court will deny Petitioner's Motion.

### I.  Background

Petitioner and co-defendants Deshawn Anderson ("Anderson") and Marvin Wayne Williams, Jr. ("Williams") were alleged to be drug dealers who shot Kyle Turner in the belief that Turner stole money and narcotics from their stash house on December 9, 2009.  On December 10, 2010, after five days of trial and three days of deliberations, a jury convicted Petitioner, Anderson and Williams of conspiracy to distribute

---

[1] In his filings, Petitioner spelled his name "Wiggenton."  As the case captions refer to "Wigenton," that spelling will be used for consistency.

1

more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and use of a firearm during a drug trafficking offense resulting in the death of Kyle Turner, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j). The jury acquitted Petitioner and both co-defendants of an intentional killing while engaged in drug trafficking under 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2.

On March 11, 2011, Petitioner was sentenced to 25 years' imprisonment as to Count I and 25 years imprisonment as to Count III, to run consecutively. [Dkt. 173.] On March 14, 2011, Petitioner filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit. [Dkt. 161.] On March 23, 2011, Petitioner's appeal was consolidated with those of Anderson and Williams. [Dkt. 182.] On August 3, 2012, the Fourth Circuit affirmed Petitioner's conviction and sentence. [Dkt. 221.] On September 7, 2012, the Fourth Circuit denied Petitioner's petition for rehearing en banc. [Dkt. 223.] On January 7, 2013 the Supreme Court denied Petitioner's petition for a writ of certiorari. *See United States v. Wigenton*, 490 F. App'x 557 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 916, 184 L. Ed. 2d 704 (2013).

On October 30, 2013, Williams, on behalf of himself, Anderson and Petitioner filed a Motion for Consolidation requesting that their forthcoming § 2255 petitions be

2

consolidated. [Dkt. 248.] On November 5, 2013, the Court granted this motion. [Dkt. 251.] On January 22, 2014, Williams filed a Motion to Vacate under § 2255 on behalf of himself and his co-defendants. [Dkts. 251-252.] Williams' motion was not signed and on February 20, 2014, pursuant to a letter from the Court, a signed copy was received.

On January 29, 2014, Petitioner filed a separate Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Dkt. 254.] On February 11, 2014, the Court ordered the Government to file an answer to the petition. [Dkt. 255.] On April 7, 2014, the Government filed its reply to Petitioner's motion. [Dkt. 260.]

## II. Analysis

The Antiterrorism and Effective Death Penalty of 1996 ("AEDPA") provides that a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could

have been discovered with due diligence.  28 U.S.C. § 2255(f).  A petitioner must demonstrate that the petition was timely filed under § 2255 or that his untimely petition may be salvaged by equitable tolling principles.  *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (requiring district courts to furnish habeas petitioners an opportunity to provide facts contesting the application of the statute of limitations); *United States v. Sexton*, 56 Fed. App'x 202, 203 (4th Cir. 2003) (applying *Hill* to a § 2255 Motion).

Where a conviction is affirmed on appeal and certiorari is denied, the conviction becomes final on the date certiorari is denied.  *See Beard v. Banks*, 542 U.S. 406, 413 (2004).  Here, the Supreme Court denied certiorari on January 7, 2013.  *See Wigenton v. United States*, 133 S. Ct. 916 (2013).  The statute of limitations, therefore, expired on January 7, 2014.  Petitioner filed this motion on January 29, 2014, approximately three weeks after the statute of limitations expired.  [Dkt. 254.]

This Court issued a show cause order, directing Petitioner to demonstrate, if possible, that the one-year statute of limitations does not apply or that he is entitled to equitable tolling.  (11/20/14 Order [Dkt. 271].)  He was given thirty days to file such a response, but did not file anything.  Furthermore, Petitioner's motion fails to demonstrate any basis for equitable tolling.  A petitioner seeking equitable tolling

must show (1) that he diligently pursued his rights and (2) that some extraordinary circumstance stood in the way of his timely filing.  *Holland v. Florida*, 560 U.S. 631, 663 (2010).  "The diligence required for equitable tolling purposes is 'reasonable diligence, not 'maximum feasible diligence.'"  *Id.* at 653 (citation omitted).  Though Petitioner states that "he has not been able to access his criminal files or trial transcripts to properly litigate post-conviction remedy [sic]," this is not sufficient to meet the high bar required to show equitable tolling is warranted.  Equitable tolling is therefore inappropriate.  As such, the Petition is time barred and must be denied.

### III. Conclusion

For the foregoing reasons, the Court will deny Petitioner's Motion.  An appropriate Order will issue.

|  |  |
|---|---|
|  | /s/ |
| December 30, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

5